PER CURIAM.
Appellant, plaintiff below, appeals an order of dismissal and directed verdict entered by the trial court in favor of appel-lees Manufacturers Associates of Florida, Inc., Apgar & Markham Construction Company, Ross E. Apgar, and Oneeda W. Jenkins on their motions for a directed verdict. Appellant also appeals a final judgment entered by the trial court, pursuant to a jury verdict, in favor of appellee Ronald Markham.
On April 3, 1974, appellant, a real estate brokerage firm, • filed a complaint against appellees seeking compensatory and punitive damages for breach of a brokerage agreement, tortious interference with advantageous business relations, and conspiracy to interfere with advantageous business relations. Thereafter, a jury trial was held on February 13 and 14, 1975. At the close of appellant’s case, the trial court directed a verdict in favor of appellees Ross E. Apgar and Oneeda W. Jenkins and struck appellant’s claim for punitive damages.- At the close of the remaining appel-lees’ case, the trial court directed a verdict in favor of appellees Manufacturers Associates of Florida, Inc., and Apgar & Markham Construction Company. The cause went to the jury only on the issue of ap-pellee Ronald Markham’s breach of the brokerage agreement. The jury returned a verdict in favor of appellee Ronald Markham.
Appellant’s posttrial motions for a new trial, for a judgment n. o. v., to set aside the judgment and verdict, and to vacate order of dismissal and directed verdict were denied. These consolidated appeals, challenging the entry of directed verdicts in favor of four appellees and the entry of the final judgment on the jury verdict in favor of one appellee, followed. Both the order of dismissal and directed verdict, and the final judgment were dated February 21, 1975.
On appeal, appellant contends that the trial court erred as follows: (1) by directing a verdict in favor of the four appel-lees; (2) in striking its claim for punitive damages; (3) by giving prejudicial instructions to the jury on its claim against appellee Ronald Markham; (4) in denying *853 its motion for a new trial on the grounds that the jury verdict in favor of appellee Ronald Markham was against the manifest weight of the evidence; (S) and by excluding a certain agreement from the evidence. Appellees’ contentions are to the contrary.
We have considered the record, all points in the briefs, and arguments of counsel in the light of the controlling principles of law, and have concluded that no reversible error has been demonstrated. See Fernandez v. Arocha, Fla.App.1975, 308 So.2d 45; Kitler v. Green’s Fuel of Florida, Fla.App. 1969, 225 So.2d 442; and 2 Fla.Jur., Appeals § 316. Therefore, for the reasons stated and upon the authorities cited, the order and final judgment appealed are affirmed.
Affirmed.